UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| | |
|---|---|
| Case No. CV 17-4825 DSF (SSx) | Date 08/11/17 |
| Title Kathy Wu v. Sunrider Corporation, et al. | |

Present: The Honorable DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand (Dkt. 15)

Plaintiff Kathy Wu filed a class action complaint alleging state and federal claims against Defendants Sunrider Corporation, Tei-Fu Chen, and Oi-Lin Chen. Sunrider removed the action and Wu now moves to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 21, 2017 is removed from the Court's calendar. For the reasons stated below, the motion is DENIED.

Sunrider contends (and Wu does not dispute) that removal jurisdiction is proper because the Court has jurisdiction over this matter both under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332(d) (Class Action Fairness Act, or CAFA). Instead the parties dispute whether a forum selection clause requires the Court to remand the action.[1]

---

[1] The parties – and this Court – agree that jurisdiction is otherwise proper. A forum selection clause does not "oust" a federal court of jurisdiction. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). While Wu reiterates that the removal statute is strictly construed and any doubt favors remand, she fails to justify why this applies here (where the Court has jurisdiction but must decide – as Wu herself acknowledges – whether to decline to exercise that jurisdiction

**MEMORANDUM**

This Court must apply federal law in interpreting the parties' forum selection clause.  Simonoff v. Expedia, Inc., 643 F.3d 1202, 1205 (9th Cir. 2011).  "The plain language of the contract should be considered first, with the understanding that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it[.]" Id. (citations and internal quotation marks omitted).  Forum selection clauses are prima facie valid and should not be set aside unless the party challenging its enforcement can show it is unreasonable under the circumstances.  See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996).  This exception is construed narrowly; a forum selection clause is unreasonable if (1) its incorporation into the contract was a result of fraud, undue influence, or unequal bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.  See id.

Generally, permissive forum selection clauses are distinguished from those that are mandatory.  In the former, the parties agree that jurisdiction and venue would be proper in a particular forum; in the latter, they agree the suit is only proper in that forum. Compare Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76-78 (9th Cir. 1987) (clause stating "[t]he courts of California, County of Orange, shall have jurisdiction over the parties" permitted suit to be filed there and meant defendant could not object to suit being filed there, but did not mandate suit could only be filed there), and N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1036-37 (9th Cir. 1995) (clause stating that arbitrator's decision "shall be enforceable . . . in the Superior Court of the City and County of San Francisco, State of California" meant parties consented to jurisdiction and venue there, but did not forbid litigation elsewhere because it did not clearly require exclusive jurisdiction there), with Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 763-64 (9th Cir. 1989) (clause stating that plaintiff "agrees and consents to the jurisdiction of the courts of the State of Virginia" mandated suit must be heard in state court in Virginia based on additional clause stating that "[v]enue of any action . . . shall be deemed to be in Gloucester County, Virginia").

The clause at issue here states:

---

on the basis of the parties' contractual agreement).  See Mot. at 3 (citing Kamm v. ITEX Corp., 568 F.3d 752, 756 (9th Cir. 2009)).

# MEMORANDUM

> Distributors and Sunrider consent to the exclusive jurisdiction of the United States District Court for the Central District of California (Western Division) and any California Superior Court located in Los Angeles County, California[.]

Lindemann Decl., Ex. A; Jeyakumar Decl., Ex. A. The clause establishes that Wu and Sunrider have consented to litigate relevant disputes in only two forums: this district and division and Los Angeles Superior Court. The clause does not mandate that only one of these two is a proper venue. Simonoff is instructive. There, the clause stated:

> You hereby consent to the exclusive jurisdiction and venue of courts in King County, Washington [] in all disputes arising out of or relating to the use of this Website.

643 F.3d at 1205. The Ninth Circuit rejected the plaintiff's argument that this clause mandated the action be litigated in state court. The use of the word "in" preceding King County signified location rather than jurisdiction – so "the contract contemplates federal as well as state courts as proper courts for adjudication." Id. at 1206. The Ninth Circuit therefore held that "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county" meaning "[t]he district court did not err in declining to remand the case to state court." Id. at 1207. Relevant here, the plaintiff had argued – as Wu does here – that the use of the word "exclusive" required remand (because it implied "one," meaning state court was the only proper venue). The Ninth Circuit rejected this argument; in the context of that clause it noted that "'exclusive' means to the exclusion of courts not located in King County, Washington; it does not denote a 'singular court.'" Id. at 1206 n.3. The same is true here. Wu and Sunrider agreed that only this district and division and Los Angeles Superior Court would have jurisdiction – to the exclusion of any other court; the clause does not denote a singular court as the mandated venue.[2]

    Wu's reliance on Bastami v. Semiconductor Components Indus., LLC, No. 17-CV-00407-LHK, 2017 WL 1354148 (N.D. Cal. Apr. 13, 2017) is unpersuasive. The clause there stated:

---

[2] Indeed, Wu's own briefing confirms as much – arguing at various points that "this case *may* be maintained in the Los Angeles Superior Court" and that "litigation *could* precede [sic] in either Court that was elected." Reply at 3. Remand is only required if, according to the clause, the case *must* be maintained in state court and could proceed *only* in the first court elected.

any legal suit, action or proceeding arising out of or relating to this offer letter shall be commenced in a federal court in the District of California or in state court in the County of Santa Clara, California, and each party hereto irrevocably submits to the exclusive jurisdiction and venue of any such court in any such suit, action, or proceeding.

Id. at *3. The clause at issue here does not contain the language the court there found critical.

Further, Wu points to no authority indicating that a forum selection clause may be enforced against a non-signatory, thereby depriving the individual Defendants of a federal forum.[3] Finally, Wu fails to respond convincingly to Sunrider's argument in its supplemental removal notice that Wu's amended pleading contains claims under federal securities law that may only be heard in federal court. See Self v. Gen. Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978) (complaint that is nonremovable when commenced can be converted into a removable one by plaintiff's voluntary amendment of her pleadings); Clark v. Watchie, 513 F.2d 994, 997 (9th Cir. 1975) ("The Securities Exchange Act of 1934, 15 U.S.C. s 78aa, gives exclusive jurisdiction to the federal courts to consider Rule 10b-5 claims.").[4] As discussed above, the forum selection clause is unambiguous and permits Sunrider's removal. However, even if the Court were to agree with Wu and find the clause prohibited removal – or find the clause to be ambiguous and so construe it against Sunrider – the Court would nonetheless decline to enforce it in this circumstance. While the Court could retain the claims over which it has exclusive jurisdiction and remand the rest, to do so would be unreasonable. The federal securities claims do not appear distinct from Wu's remaining claims; rather, each appears to be based on the same nucleus of operative facts. Enforcing the clause would require Sunrider (and non-signatory individual Defendants) to litigate parallel cases in state and federal court. Thus,

---

[3] Wu states without support both that the individual Defendants consented to the forum selection clause and drafted it. The Distributor Agreement (which incorporates by reference the Business Guide) was explicitly made between Sunrider and Wu. See Lindemann Decl., Ex. A; Jeyakumar Decl., Exs. A-B. While the clause governs any case between Wu *and Sunrider* relating to "the relationship between Distributors and Sunrider or its officers, agents, employees, or other Distributors," Wu provides no argument or authority as to why the clause would govern a case between Wu *and a non-signatory officer or employee* sued individually.

[4] Wu's reliance on Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1276, 1279 (9th Cir. 2017) is misplaced. That case dealt with a plaintiff's inability to amend her complaint *to divest* a federal court of jurisdiction under CAFA. It has no bearing here, where Wu amended her complaint to add new claims over which federal courts have exclusive jurisdiction.

# MEMORANDUM

while the Court finds that the forum selection clause is unambiguous (permitting Sunrider's removal), enforcing Wu's interpretation would be unreasonable here – where she has chosen to bring claims that must be litigated in federal court and are intertwined with her other claims.

For these reasons, Wu's motion is DENIED.

IT IS SO ORDERED.